UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LAWRENCE E. MACKEN,                )    NO.  CV-11-400-JPH
                                   )
                                   )
          Plaintiff,               )
                                   )    ORDER ON DEFENDANTS' MOTION
     v.                            )    FOR SUMMARY JUDGMENT
                                   )
SPOKANE COUNTY (MUNICIPAL          )
JAIL), JOHN McGRATH,               )
LIEUTENANT TYLER, SERGEANT         )
PURCELL, and SCOTT BAUM,           )
                                   )
                                   )
                                   )
          Defendants.              )
                                   )
_____  )

**I. INTRODUCTION**

BEFORE THE COURT is defendants' motion for summary judgment, ECF No. 65. Plaintiff responded, ECF Nos. 83-85, and defendants replied, ECF Nos. 91-92. Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. ECF No. 35, 42. The parties consented to the magistrate judge's jurisdiction. ECF No. 55.

Plaintiff alleges defendants violated his constitutional rights in several respects during approximately a three month period, from February 19, 2011 through May 6, 2011. ECF No. 35. Defendants respond that they previously settled these claims. They cite a Release of All Claims (Spokane County Claim No. 11-0123), signed by plaintiff. Defendants assert the document releases them from all claims in this lawsuit except one: failure to act or

Order on Defendants' Motion for Summary Judgment - 1

prevent by defendant Tyler[1]. ECF No. 70 at 2, 15. Defendants assert the unresolved claim is without merit. They ask the Court to dismiss the complaint with prejudice. ECF No. 70 at 16.

Defendants present two issues for summary judgment: (1) did the release operate to release defendants from all claims except failure to act and (2) should the remaining claim of failure to act or prevent be dismissed? ECF No. 70 at 1-16.

## II. FACTS

Plaintiff was incarcerated in the Spokane County Municipal Jail during the relevant time frame.

Macken alleged that on February 19, 2011, a corrections officer kicked an envelope containing excrement into Macken's cell. Unaware of the contents, Macken reached into the envelope and came in contact with the excrement. He feared his hand would become infected. He was given ointment and offered band aids but said he already had the latter. ECF No. 66-3 at 95, 66-5 at 127. Dr. Kennedy saw Macken on February 24, 2011 and said nothing was wrong with his hand. Macken said it was healing. ECF No. 66-1 at pp. 23-24. Another inmate admitted the envelope was his and was intended for a different prisoner, not Macken. ECF No. 66-1 at 78. Macken hit and kicked his cell door in an effort to bring attention to what he viewed as defendants' inappropriate conduct, including inadequate medical care. Macken suffered bruising as a result. ECF No. 66-4 at page 125. A record dated February 26, 2011 indicates Macken's hand "looks like the skin was picked off." ECF No. 66-3 at 96.

---

[1]Macken alleges defendant Lieutenant Tyler failed to act or prevent a due process deprivation by permitting imposition of a seven day nutraloaf diet without first holding a hearing.

Macken was "consulted by mental health" on February 26, 2011. ECF No. 66-1 at 25. On February 28, 2011, he was taken to the ER and diagnosed with cellulitis and strains. *Id*. at pp. 25-26, 47-51.

On April 8, 2011, Dr. Kennedy denied Macken's request for increased narcotics. ECF No. 66-3 at 68. On April 29, 2011, Macken admittedly flooded his cell in violation of jail rules. ECF No. 66-3 at 90. He was sanctioned by being placed on an "administrative restricted diet," (ADR), consisting of nutraloaf, for seven days, from April 30 to May 6, 2011.

Macken asked to be housed on the first floor. On May 11, 2011, Dr. Kennedy stated there was no medical indication Macken could not use stairs. ECF No. 66-3 at 77.

In a letter dated June 16, 2011, Spokane County's Department of Risk Management offered to settle plaintiff's claims for the cost of his medical expenses, $240.00. They noted medical records did not support Macken's allegation he was injured by coming into contact with fecal matter. Further, injuries from hitting and kicking the cell door were self-inflicted and therefore not compensable. ECF No. 66-4 at 125. Macken counter-offered to settle for $4,200.00. He stated

> And to find our lil [sic] secret wrapped in a binding contractual agreement that would essentially bar me from seeking relief by moving on to the next phase after your denial including relief from my civil rights violations under U.S.C. 1983 and injunctive relief for medical issues is very discouraging.

ECF No. 66-5 at 127, 129.

Defendants rejected this offer on June 28, 2011. ECF No. 66-6 at 131. Macken then demanded to settle for $448.85, ECF No. 66-7

at 135, an offer defendants accepted on July 12, 2011. ECF No. 66-8 at 137.

Macken signed a release of claims on July 14, 2011. ECF No. 66-9 at 139. He acknowledged he received a check in the agreed upon amount on July 21, 2011, and wrote "I consider the whole matter settled." ECF No. 66-10 at page 141.

*Unresolved claim not part of release*

Macken alleges defendant Lieutenant Tyler deprived him of due process because he did not intervene when Macken was placed on a restrictive diet with no prior hearing conducted. Defendants respond that Tyler received the grievance alleging lack of due process on October 2, 2011. Prior to that date, in April 2011 when the sanction was imposed, Tyler had no knowledge of the alleged violation. Without knowledge of the alleged deprivation until after it occurred, defendants assert Tyler could not have acted to prevent it and therefore he is not liable. ECF No. 70 at 15.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)(quoting Fed. R. Civ. P. 56c).

1  "If the moving party meets its initial burden of showing 'the

2  absence of a material and triable issue of fact,' 'the burden then

3  moves to the opposing party, who must present significant

4  probative evidence tending to support its claim or defense.'"

5  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558

6  (9th Cir. 1991)(quoting *Richards v. Neilsen Freight Lines*, 810

7  F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond

8  the pleadings and designate facts showing an issue for trial.

9  Celotex, 477 U.S. at 322-23.

10  The substantive law governing a claim determines whether a

11  fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec.*

12  *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). All

13  reasonable doubts as to the existence of a genuine issue of fact

14  must be resolved against the moving party. *T.W. Elec. Serv.*, 809

15  F.2d at 630-31.

16  If the factual context makes the nonmoving party's claim as

17  to the existence of a material issue of fact implausible, that

18  party must come forward with more persuasive evidence to support

19  his claim than would otherwise be necessary. *Id.; In re*

20  *Agricultural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818

21  F.2d 1466, 1468 (9th Cir. 1987).

22  The court's inquiry at summary judgment is therefore whether

23  a reasonable jury could find by the preponderance of the evidence

24  that the nonmoving party is entitled to a verdict. *Anderson v.*

25  *Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

26

27  ///

28  ///

Order on Defendants' Motion for Summary Judgment - 5

**IV.  CLAIMS**

**A. Claims raised in both prior claim and federal complaint**

Defendants allege all of plaintiff's claims but one were resolved when Macken signed a release on July 14, 2011, in exchange for consideration in the amount of $448.85. On July 23, 2011, Macken acknowledged receipt of a check in this amount. ECF No. 66 at 7-10; 69 at ¶¶31-34; 70 at 2.

Defendants are correct that all claims except one were resolved by the release Macken signed.

Plaintiff filed this complaint as amended February 28, 2012. ECF No. 35. The complaint first alleges Macken was deprived of due process because he was placed on a restricted diet without a hearing and in violation of policy. ECF No. 35 at 9.

Defendants are correct Macken raised the same claim in the claim he filed previously against Spokane County, No. 11-0123. ECF No. 66 at 3-5; ECF at 70 at 2.

Second, Macken's complaint in this court alleges violations of the Eighth Amendment: cruel and unusual punishment and excessive force. ECF No. 35 at 10-12. He raised the same allegations previously. In both venues Macken alleges (1) defendants denied him a lower tier cell assignment despite alleged medical issues that made using stairs difficult (2) he endured loud banging on his cell door one morning (3) he was placed on a restricted diet for seven days and (4) he was continually harassed, leading to a cell extraction; all resulting in physical and psychological injuries. ECF No. 66 at 3-4; 70 at 5-6.

Third, and overlapping the previous claim, Macken's complaint alleges the conditions of confinement violated the Eighth

Order on Defendants' Motion for Summary Judgment - 6

Amendment, including being placed on a restricted diet for seven days, refusing his request for reassignment to a lower tier cell, and leaving him in his cell for hours with an overflowing clogged toilet; all resulting in physical and psychological injuries. ECF No. 35 at 10-15. Macken raised the same claim based on the same facts previously in his claim against Spokane County. ECF No. 66 at 3-5; 70 at 6-8.

Fourth, Macken's civil rights complaint alleges defendants were deliberately indifferent to his serious medical needs. ECF No. 35 at 10-15. This claim is based on (1) Dr. Kennedy's statement that reassignment to a lower tier cell was not medically indicated (2) defendants failed to provide treatment for alleged urinary problems (3) defendants denied requests for a blood test and a psychological evaluation (4) defendants failed to provide treatment for "obvious infection and bruising" and (5) defendants denied requested medications: morphine, "depo testosterone," and medication for "extreme anxiety." Macken raised the same claims previously. ECF No. 66 at pp. 3, 5-7; 66-1 at pp. 28-29; 70 at pp. 8-9.

Next, Macken alleges Corrections Deputy Purcell retaliated against him because he "was pursuing accountability." Macken felt the refusal to answer grievances was retaliation. ECF No. 35 at 13-14. Macken's earlier county claim, No. 11-0123, makes the same allegations based on the same facts. Macken alleges Purcell retaliated against him "because I am pursuing justice and filed grievances and am filing a law suit" and seeking recovery of damages. Macken feared "further retaliation that could cost me my life ..." ECF No. 66 at 6; 70 at 9-10. Macken has also indicated

Order on Defendants' Motion for Summary Judgment - 7

he felt the severe punishment of nutraloaf was imposed as "retaliation" for flooding his cell. ECF No. 66-3 at 105.

Macken's complaint alleges Purcell was not adequately trained, and this resulted in the use of excessive force and due process deprivations. ECF No. 35 at 15-16. He made the same claim previously. ECF No. 66-1 at 29.

Macken's last duplicate claim alleges Spokane County bears municipal liability for "official governmental policies and customs that led to Plaintiff's punishment, deprivations, abuse and injuries." ECF No. 35 at ¶ 32. He raised the same claim previously. See ECF No. 66 at 7; 66-1 at pp. 29-30; 70 at pp. 10-11.

*Effect of Release*

In his response to summary judgment, Macken asserts that because Scott Baum, John McGrath, Lieutenant Tyler and Sergeant Purcell were not named defendants in the first claim, the release does not operate to preclude his claims in the federal complaint. He alleges because the first claim named Ozzie Knezovich, Dan DeMulling and Criswell Kennedy, M.D., the release does not bar the claims raised in his federal complaint. ECF No. 83 at 2.

Defendants reply that the allegations in claim 11-1023 covered the time frame of February 19, 2011 through May 13, 2011, as does the federal complaint. ECF No. 91 at 2-3. Defendants agree Scott Baum was not named as a defendant in plaintiff's claim 11-0123, however, the allegations against Scott Baum were set forth in the initial claim. ECF No. 91 at 3, citing ECF No. 66 at pages 18, 28, 53, 77, 80, 92 and 104. Defendants assert naming Mr. Baum as a defendant now in the complaint is not material because the

Order on Defendants' Motion for Summary Judgment - 8

release covers "Spokane County, its officers, agents, employees, and insurers ...". ECF No. 91 at 3.

Both claims name Knezovich, McGrath, Tyler, Purcell, and DeMulling. *Cf*. ECF No. 35 at III-C *with* ECF No. 66-1 at page 14,(11)(Knezovich); ECF No. 35 at III-C, 15-16 *with* ECF No. 66-3 at 89, 93 (McGrath); ECF No. 35 at III-C, 85 *with* ECF No. 66-1 at 14 (Tyler); ECF No. 35 at III-C with ECF No. 66-3 at 91-93 (Purcell); ECF No. 35 at 14 with ECF No. 66-1 at 14 (DeMulling).

Defendants are correct. Scott Baum, a jail food manager, is the only defendant who was not named in plaintiff's claim against Spokane County. As an agent or employee, he is covered by the release signed by Mr. Macken.

The agreement Macken signed constitutes a clear and unambiguous waiver of his legal claims against defendants. Macken agreed that the agreement would represent "a full and final settlement of any and all claims filed by the above." Defendants' Statement of Fact at ¶ 2; ECF No. 70 at 12. This language unambiguously indicates that Macken intended to waive all claims against defendants. The purpose and effect of a release is ending legal liability. *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1989).

The court must also, however, determine whether Macken's release of his legal claims was a "voluntary, deliberate and informed" waiver. *See Stroman*, 884 F.2d at 462 (internal citations omitted). Release of a civil rights claim has been held to be controlled by federal common law. *See Hisel v. Upchurch*, 797 F. Supp. 1509, 1517 (U.S. Dist. Arizona 1992), citing *Jones v. Taber*,

648 F.2d 1201, 1203 (9ᵗʰ Cir. 1981); *Boyd v. Adams*, 513 F.2d 83, 87 (9th Cir. 1975).

An agreement to settle a legal dispute is a contract governed by the principles of contract law. *Miller v. Fairchild Indus.*, 797 F.2d 727, 733 (9ᵗʰ Cir. 1986), *cert. denied*, 494 U.S. 1056 (1990). One attacking a release or settlement "must bear the burden of showing that the contract he [or she] made is tainted with invalidity." *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948). A party to a settlement cannot avoid the agreement "merely because he [or she] subsequently believes the settlement is insufficient." *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 863 (7ᵗʰ Cir. 1986).

A release of claims under § 1983 is valid only if it results from a decision that is "voluntary, deliberate, and informed." *Hisel*, 797 F. Supp. at 1519, citing *Jones*, 648 F.2d at 1203. Each element has subjective and objective components. *Id*.

And a release must be supported by consideration. *Maynard v. Durham & Souther Railway Co.*, 365 U.S. 160, 163 (1961). Here, the release is supported by consideration in the bargained-for amount of $448.85.

The capacity to understand one's rights and the consequences of agreeing to settle is a factor to consider in analyzing a release. *Borne v. A and P Boat Rentals*, 780 F.2d 1254, 1257 (5ᵗʰ Cir. 1986). Macken's intent to enter the agreement is manifest from his conduct: he negotiated the terms of the agreement himself.

Macken signed the release July 14, 2011. The release provides

> FOR AND IN CONSIDERATION of the sum of Four Hundred Forty Eight and 85/100* ($448.85) the receipt of which is hereby

Order on Defendants' Motion for Summary Judgment - 10

acknowledged, the undersigned, ... does hereby release,
acquit, and forever discharge, Spokane County ... from any
and all actions, causes of action, claims, demands, damages,
costs, loss of services, expenses and compensation, and all
incidental and consequential damages on account of, or in
any way growing out of, any and all known and UNKNOWN
personal injuries and/or property damage related to the
accident(s) or incident(s) that occurred on or about
February 19, 2011 in the vicinity of Spokane County Jail
... entitled, Macken v. Spokane County, Action or Claim
#11-0123.

The undersigned hereby declares and represents that this
is a full and final settlement of any and all claims filed
by the above and acknowledge that any injuries sustained
are/or may be permanent, progressive, and that recovery
therefrom is uncertain and indefinite.

ECF No. 66-9 at page 139.

Courts generally look to three basic elements in determining whether an aggrieved party, in agreeing to a compromise of earlier contractual rights or of release of a legal claim, is entitled to avoid the otherwise binding effect of his or her settlement due to duress or coercion. They are: (1) a wrongful act which (2) overcomes the will of a person who (3) has no adequate legal remedy to protect his or her interests. *Hisel,* 797 F. Supp. at 24, citing 25 Am.Jr.2d, *Duress and Undue Influence*, § 7 (additional references omitted). Plaintiff fails to establish the first and second elements. He presents no evidence of coercion nor any other reason the release should be invalidated.

Viewing the pleadings presented in the light most favorable to plaintiff, there does not appear to be a genuine dispute regarding whether Macken agreed to release defendants from all liability arising from the claims alleged in the complaint [except with respect to the claim discussed below] in exchange for the sum of $448.85. Macken's claims discussed above are barred by the

terms of the release agreement entered into by Macken and defendants.

Defendant's motion for summary judgment, ECF No. 65, as to all claims except failure to act is **GRANTED**. These claims are dismissed.

**B. Failure to Act or Prevent**

Plaintiff's complaint alleges he was punished for misconduct by being placed on a restrictive diet, without a hearing and in violation of due process. As supervisor, Lieutenant Tyler had a duty to prevent this deprivation, according to Macken. Macken filed a grievance naming Lieutenant Tyler as the person responsible because "not only did defendant Tyler fail to act, he in fact substantiated Sergeant Purcell's misconduct in his response to plaintiff's grievance by stating in part that he found no evidence of harassment, and plaintiff could be sure that imposed sanctions were specific to plaintiff." ECF No. 35 at ¶ 9, pp. 14-15. [As noted, Macken apparently became upset over a variety of issues and admittedly flooded his cell. He claims he did this in order to draw attention to perceived problems. He was placed on a restricted diet at some time from April 30 to May 6, 2011. ECF No. 66-3 at 104, 91 at 7.] Defendants respond that Tyler had no knowledge of the alleged due process violations before he received Macken's grievance on October 2, 2011. The dietary sanction was imposed on or about May 1, 2011 [when Macken also filed a grievance] but the earlier grievance did not allege a due process violation. Tyler was not made aware of the allegation until October 2011. Defendants respond that he therefore has no liability. Additionally, Tyler notes that his

review of the October 2011 grievance did not reveal any constitutional deprivation. ECF No. 67 at 1-2; 69 at 12-13.

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012), citing *Hansen v. Black*, 885 F.2d 646, 645-46 (9th Cir. 1989). A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Snow,* 681 F.3d at 989 citing *Id*. at 646. A supervisor may be liable if the supervisor knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). When deciding whether the Constitution itself protects an alleged liberty interest of a prisoner, the court should consider whether the practice or sanction in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). For example, the Due Process Clause itself does not grant prisoners a liberty interest in good-time credits or in not losing privileges. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976). Placing Macken on a nutraloaf diet for a period of up to seven days does not appear to violate a protected liberty interest.

Although mental and emotional distress damages are available as compensatory damages under § 1983, no compensatory damages are to be awarded from the mere deprivation of a constitutional right. *See Carey v. Piphus*, 435 U.S. 247, 264 (1978). For example, where a plaintiff [such as Macken] is alleging a procedural due process violation, the plaintiff will not be entitled to compensatory damages, "[i]f, after post-deprivation procedure, it is determined that the deprivation was justified," because the plaintiff has suffered no actual injuries. *Raditch v. United States*, 929 F.2d 478, 482 n.5 (9th Cir. 1991). A violation of procedural rights, such as the right to a hearing, requires only a procedural correction. *Id*. And under the Prison Litigation Reform Act, "[n]o federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff fails to make the required showing that mental and emotional distress alleged actually was caused by the denial of due process itself. *See Carey*, 435 at 264.

To the extent Macken claims the dietary sanction deprived him of humane conditions of confinement, he is incorrect. *See Allen v. Saki*, 48 F.3d 1082, 1083-84 (9th Cir. 1994). The test is both objective and subjective. Under the objective requirement, the prison official's acts or omissions must deprive an inmate of "'the minimal civilized measure of life's necessities.'" *Id*., citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(internal citation omitted). The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference. *Farmer*, 511 U.S. at 834.

Macken cannot meet these tests. He fails to present any evidence the restricted diet is inadequate to maintain health. Furthermore, there is no evidence in the record that prison officials have acted with deliberate indifference to plaintiff's health and dietary needs. *See May v. Baldwin*, 895 F. Supp. 1398, 1408-09 (U.S. Dist. Or.).

Nor does Macken establish he was deprived of due process when the dietary restriction was imposed without a hearing. With regard to inmates, state created liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to the protection of the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *May*, 895 F. Supp. at 1410, citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Macken alleged he was a pretrial detainee, ECF No. 69 at ¶7, but this is not accurate. The Court accepted Macken's guilty plea to one count of a federal indictment on October 28, 2010 [in cause number 09CR149-RHW at ECF No. 33], well before the alleged deprivations.

A restricted diet imposed for what appears from the record to be a maximum period of seven days[2] cannot be described as an atypical and significant hardship. As the *Sandin* court noted, discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. *Sandin*, 515 U.S. at 485.

---

[2] *See e.g.*, ECF No. 35 at 7-8.

Order on Defendants' Motion for Summary Judgment - 15

1  Macken fails to show defendant Tyler bears liability for
2 failing to prevent the alleged due process deprivation.

3  Defendants' motion for summary judgment, ECF No. 65, as to
4 the remaining claim is **GRANTED.**

5                      **V. CONCLUSION**

6  No genuine disputes of material fact exist with respect to
7 any of plaintiff's claims. As a result, defendants' motion for
8 summary judgment, **ECF No. 65**, is **GRANTED.**

9  **IT IS FURTHER ORDERED** that the **complaint is dismissed with**
10 **prejudice.**

11  **IT IS SO ORDERED**. The District Court Executive is directed to
12 enter this Order and forward copies to the parties.

13  DATED this 16th day of January, 2013.

14

15                          s/ James P. Hutton
                            JAMES P. HUTTON
16                 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

Order on Defendants' Motion for Summary Judgment - 16